Samuel Jacobs, J.
This is an action to recover the sum of $1,413.50 pursuant to a loss payable clause contained in a policy of automobile insurance issued by the defendant to one> John *875 Akin, the insured. The pertinent facts herein have been stipulated by the parties as follows:
On February 27, 1957, defendant issued a policy of insurance covering a 1957 De Soto automobile to one, John Akin, which policy contained a loss payable clause in favor of the plaintiff. On April 4, 1957, Akin executed a note and chattel mortgage to the plaintiff. On April 18, 1957, defendant, by its agent, one Emil MacKay, duly mailed to the assured and to the loss payee, the plaintiff herein ”, a notice of cancellation to become effective April 28, 1957. The policy was cancelled for nonpayment of premiums. Plaintiff’s records do not show receipt of such notice and the receipt of same is denied. On April 29,1957, defendant’s agent mailed a letter to the plaintiff and the plaintiff received the same on April 30,1957. The letter states that, ‘ ‘ On the date of April 28, 1957, we have cancelled the * * * policy due to non-payment of premium. ’ ’
On May 12, 1957, Akin was involved in an accident causing damage to the De Soto automobile. Akin’s report to the Motor Vehicle Bureau described the accident and states therein that he had no policy of insurance in effect at the time of the accident. Plaintiff was notified of the accident on June 24, 1957 and immediately made claim under the loss payable clause for the cost of repairs.
It is the plaintiff’s contention that the notice given by the defendant was insufficient for two reasons:
(1) There was no notice as required by the policy, since the notice allegedly mailed by defendant to plaintiff had not been received.
(2) That the period of 10 days required by the policy for cancellation notice had not been complied with.
The policy provides that “ the mailing of notice * * * shall be sufficient proof of notice.” The parties stipulated that Emil MacKay, if called as a witness, would testify on behalf of defendant that notice of cancellation was duly mailed to the assured and to the loss payee, plaintiff herein, on April 18,1957.
Plaintiff’s employees would testify, if called, that plaintiff’s records do not show receipt of such notice and would deny having received the same. It has been held that the mere denial of receipt does not create an issue of fact. It is a general rule that a letter, properly addressed, stamped and mailed is duly delivered to the addressee.” (Trusts & Guarantee Co. v. Barnhardt, 270 N. Y. 350; Sasmor v. V. Vivaudou, Inc., 200 Misc. 1020,1024.)
There is no credible evidence in the case to overcome the presumption of delivery. In fact, the absence of contrary testi *876 mony as to the mailing of notice to the assured, and, the admission of receipt of the letter of April 29, 1957 from MacKay tend to strengthen defendant’s affirmative evidence of mailing and the presumption of receipt by the plaintiff of said notice of cancellation. The court is, therefore, constrained to find that such notice of cancellation was received by the plaintiff.
There remains the question of the sufficiency of that notice. “ Insurance is a contract.” (Ollendorff Watch Co. v. Pink, 253 App. Div. 73.) Its terms must bind the parties to that contract, and, conversely, the parties may exercise their prerogative within the bounds of said terms. There can be no question that defendant was within its legal rights in electing to cancel the policy. “ [WJhile it takes two to make a contract, one may end it, if the contract so provides. * * * The contract through the force of its own provisions, is ended by the action ” of the defendant. (Crown Point Iron Co. v. Ætna Ins. Co., 127 N. Y. 608, 615.) The instant policy provides as follows: “ This policy may be cancelled by the company by mailing to the named insured * * * written notice stating when not less than ten days thereafter, such cancellation shall be effective.” In the loss payable clause it is provided, also, that the company shall notify the lienholder when not less than 10 days thereafter such cancellation shall be effective. It is the view of this court that conceding the period set forth in the notice of cancellation is shorter than the period provided for in the policy, the parties were, nevertheless, bound by the latter period. In any event, the plaintiff was concededly put on notice by the subsequent letter of April 29; and, since the accident in question did not occur until May 12, we fail to find that the plaintiff was, in anyway, prejudiced.
It is the considered opinion of this court that the notice of cancellation was within the provisions of the policy and, therefore, effective.
“ [I]t is equally well settled that where a notice to cancel a policy is given in accordance with its terms, the contract is ipso facto terminated ”. (State Farm, Mut. Automobile Ins. Co. v. Pederson, 185 Va. 941, 949-950.) “ [T]he view generally taken is that any notice otherwise sufficient in form, which clearly conveys to the insured notice of cancellation, is effective after lapse of the full time stipulated in the policy ’ ’. Such is the thinking of the court in the case of State Farm Mut. Automobile Ins. Co. v. Pederson (supra, p. 951), which quoted the foregoing from American Jurisprudence (Yol. 29, Insurance, § 284). In that case, the insured wrote to the company on May 23, 1945, to cancel his policy. Such notice was mailed on May 25, and was *877 received by the home office on May 28. On June 4, the company sent forms for the insured’s signature and stated that the policy had been cancelled as of May 25. On June 5, the insured was involved in an accident and recovery was sought from the company.
In Ocean Acc. Guar. Corp. v. Felgemaker (143 F. 2d 950) the insured had written the company requesting cancellation be effective as of October 1, 1940. The letter was mailed to the company on October 4,1940. The policy, however, provided for cancellation 15 days after mailing of the notice. The court held (p. 953) that while the portion of the notice requesting cancellation as of October 1,1940 was ineffective because it was not in accord with the period for notice set by the policy, it is proper to treat the notice as effective at the expiration of the period so designated [citations]. This period expired prior to the accident ’ ’, and the policy, therefore, was not in effect upon the date of the accident, the same having occurred after the 15 days required by the said policy.
We find an analogous situation in the case herein. In view of the foregoing, judgment is herewith granted in favor of the defendant and against the plaintiff.