## 46886.   GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. GORDON.

QUILLIAN, Judge. The appellee filed a claim against the appellant based upon a loss covered by an insurance policy which he alleged was in force on the date the loss took place. The main issue in this case is whether the appellant had canceled the insurance coverage on the appellee's truck at the time it was involved in a collision. The parties stipulated: "A 1963 International truck owned by plaintiff was involved in a wreck in Florida on

1-10-67. This truck was covered by defendant's Policy No. A-39927 for a policy period beginning 5-16-66 and expiring 11-16-66. This coverage extended after 11-16-66 by binder. Plaintiff sued in Florida as result of wreck. Defendant notified of suit under policy and requested to defend but refused contending policy canceled and no coverage. Judgment in default rendered against plaintiff in Florida suit, settlement by plaintiff for $9,250. Insurer has no receipt from Post Office showing mailing of cancellation after coverage extended by binder."

The appellee filed a motion for summary judgment which was granted. The appellant appealed and the case is here for review. *Held:*

1. The appellant contends that the coverage was canceled because a written notice was sent to the appellee as provided in the policy. However, while it is true the appellant did mail the appellee notice of the cancellation of the coverage, no receipt was obtained from the United States Post Office Department. *Code Ann.* § 56-2430 (Ga. L. 1960, pp. 289, 671) provides in part: "Cancellation of a policy which by its terms and conditions may be canceled by the insurer shall be accomplished as prescribed herein: Written notice, stating the time when the cancellation will be effective, but not less than five days from date of notice, or such other specific longer period as may be provided in the contract or by statute, may be delivered in person, or by depositing such notice in the United States mails to be dispatched by at least first class mail to the last address of record of the insured and receiving therefor the receipt provided by the United States Post Office Department."

It is clear from the statute that in order to cancel the insurance policy, it was mandatory to either deliver the notice of cancellation in person or mail it and obtain a receipt from the United States Post Office Department. Therefore, no cancellation was effected in the case sub judice by mailing of the notice of cancellation, because no receipt was obtained.

The appellant contends that *Canal Ins. Co. v. Tate,* 111 Ga. App. 377 (141 SE2d 851), holds contrary to that which is stated above. The *Canal* case was decided upon facts which occurred prior to the enactment of *Code Ann.* § 56-2430.

2. The appellant argues that the binder was not valid. An insurance binder may be made orally. *Code Ann.* § 56-2420 (Ga. L. 1960, pp. 289, 667). Once a binder is in effect, it is deemed to include all the terms of the policy to which the binder was given. Therefore, the binder would have the same effect as the policy and would have to be canceled in accordance with the provisions of *Code Ann.* § 56-2430.

The granting of the summary judgment was not error.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*

ARGUED FEBRUARY 1, 1972—DECIDED APRIL 12, 1972—REHEARING DENIED MAY 5, 1972—

*Whitehurst & Cohen, A. J. Whitehurst, Jr., F. L. Forester,* for appellant.

*Altman & Fowler, Sol Altman, Larkin M. Fowler, Jr.,* for appellee.