## 48520. REPUBLIC INSURANCE COMPANY v. COOK.

STOLZ, Judge. The defendant appeals from the judgment of the State Court of DeKalb County sustaining the plaintiff's motion for summary judgment as to liability and damages.

The defendant issued a fire insurance policy covering certain property owned by the plaintiff on October 19, 1971, for one year, through their agent, Lomas & Nettleton, of Virginia Beach, Virginia, but produced by the W. S. Holloman Insurance Agency of Atlanta, Georgia. The policy was mailed to W. S. Holloman Insurance Agency for delivery to the plaintiff. On August 27, 1972, a fire damaged the insured property in the amount of $9,047.12. On September 6, 1972, the plaintiff notified the defendant of the loss and damage, and requested a proof of loss form, which the defendant refused to furnish, precipitating the present litigation.

Evidence showed that the original insurance policy was returned to the defendant's local office marked "Cancelled" on January 27, 1972. The cancellation ticket and returned premium due were thereupon mailed to Lomas & Nettleton in Virginia.

The issues before us are: (1) whether or not the plaintiff canceled the policy or received notice of the defendant's cancellation, as provided by law, and (2) whether the trial court was authorized to grant plaintiff's motion for summary judgment as to the amount of damages. In his affidavit, the plaintiff testified that "[a]t no time herein did this deponent request that the policy herein be cancelled, nor was deponent ever notified of any cancellation of said policy." The defendant, while giving some internal reasons for cancelling the policy, does not contend that the plaintiff initiated the cancellation, and does not offer any evidence to show that the plaintiff was notified of the cancellation. Plaintiff's affidavit also contained a statement that his loss as a result of defendant's failure to pay was $9,047.12. *Held:*

1. The issue of liability is controlled by Code Ann. § 56-2430 (Ga. L. 1960, pp. 289, 671; 1967, p. 653; 1968, p. 1126), which provides in part that for cancellation to be effective, "[w]ritten notice, stating the time when the cancellation will be effective, . . . may be delivered in person, or by depositing such notice in the United States mails to be dispatched by at least first class mail *to the last address of record of the insured and receiving therefor the*

*receipt provided* by the United States Post Office Department."
(Emphasis supplied.) Here the statute was not complied with and
the plaintiff was entitled to summary judgment on the issue of
liability.

2. However, the trial judge erroneously granted the plaintiff's
motion for summary judgment as to damages. The plaintiff's
complaint presents a claim for unliquidated damages. As such,
the amount of such damages cannot be adjudicated by the court
on motion for summary judgment, but must be proved as
provided by law. See Code Ann. § 81A-155 (a) (Ga. L. 1966, pp.
609, 659; 1967, pp. 226, 238).

The judgment of the trial judge sustaining the plaintiff's motion
for summary judgment as to liability is affirmed, and as to
damages is reversed.

*Judgment affirmed in part; reversed in part. Eberhardt, P. J.,*
*concurs in the judgment as to . Division 1 and concurs as to*
*Division 2. Pannell, J., concurs in the judgment.*
Submitted September 5, 1973 — Decided October 5, 1973.

*G. Ralph Berger,* for appellant.
*Levine, D'Alessio & Cohn, Jack J. Geldbart, Morton P. Levine,*
for appellee.