50927. MOTORS INSURANCE CORPORATION v. ROPER.

WEBB, Judge.

Rickey Roper brought suit against Motors Insurance Corporation seeking to recover the value of his burned pickup truck, plus wrecker and substitute transportation expenses, under an automobile insurance policy issued to him by defendant. Claim was also made for bad faith penalty and reasonable attorney fees pursuant to Code Ann. § 56-1206. The jury returned a general verdict for $3,316.50, penalty in the amount of $99.44, and $2,520.01

attorney fees. Defendant appeals. *Held:*

1. The only substantive issue in this case was whether the insurance policy had been effectively canceled pursuant to Code Ann. § 56-2430. That section provides that written notice of cancellation must be delivered in person to the insured or deposited in the mail, "receiving therefor the receipt provided by the United States Post Office Department." A further requirement is that tender of the unearned premiums be made within prescribed time limits.

The evidence shows that the purported cancellation notice was not delivered in person nor received by plaintiff through the mail; and defendant's agent admitted at trial that no post office receipt for mailing the notice to plaintiff had been obtained, and that the premium refund was made to defendant's agent rather than to the insured. Consequently a finding of non-cancellation as to the insured was not only authorized, but demanded. *Georgia Farm Bureau Mut. Ins. Co. v. Gordon,* 126 Ga. App. 215 (1) (190 SE2d 447); *Republic Ins. Co. v. Cook,* 129 Ga. App. 833 (1) (201 SE2d 668). See also *Canal Ins. Co. v. Lawson,* 123 Ga. App. 376 (181 SE2d 91); *Harris v. U. S. Fidelity &c. Co.,* 134 Ga. App. 739 (216 SE2d 127). The court did not err, therefore, in refusing to admit into evidence the purported cancellation notice, and grounds 10 through 13 of the motion for new trial are without merit.

2. The requirements for cancellation under Code Ann. § 56-2430 are plain and certain; this court in the cases cited above had previously adjudicated the issues involved here; and the defendant was advised prior to suit by a memorandum prepared by plaintiff's counsel that the purported cancellation was ineffective under the Code section and adjudicated cases. Under these circumstances the question of bad faith penalty and attorney fees was properly submitted to the jury, and grounds 15 and 18 of the motion are without merit.

3. The court did not err in refusing to admit testimony as to whether or not plaintiff's counsel had charged plaintiff a fee of $50 per hour for his services. For refusal in bad faith to pay, the insurer is liable for "reasonable attorney's fees," the amount of which is to be determined in accordance with the standards set forth in

Code Ann. § 56-1206 and not by what the attorney actually charged the insured. Moreover, that section provides: "The limitations contained in this section in reference to the amount of attorney's fees are not controlling as to the fees which may be agreed upon by the plaintiff and his attorney for the services of such attorney in the action against the insurer."

4. Ground 20 of the motion for new trial complains of the following form of the judgment: "It is further ordered that *counsel* for the plaintiff have judgment against the defendant in the sum of $2,520.01 as attorney's fees." (Emphasis supplied.) This ground is without merit. "There are numerous cases in Georgia holding that a judgment providing that an attorney recover a stated sum as attorney fees is not void but will be construed as a judgment that the plaintiff recover as attorney fees the amount stated. [Cits.]" *Marger v. Miller,* 129 Ga. App. 44 (198 SE2d 709).

5. Remaining grounds of the motion for new trial, including the general grounds, show no cause for reversal; and enumeration of error 1, complaining of the overruling of the motion for new trial, is without merit.

6. Prior to trial defendant filed a motion to dismiss the complaint for failure to join an indispensable party, but counsel failed to appear at the hearing. The court entered the following order: "The within motions having regularly come on for hearing and no appearance having been made by or on behalf of the movant, counsel for respondent having appeared and announced ready to proceed, after consideration, the said motions are hereby overruled." We will not reverse in these circumstances, particularly since Enumeration 2, assigning error on this ruling, has not been separately argued in the brief. Rule 18 (c) (2), this court.

7. The motion to assess damages under Code § 6-1801 is denied.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED SEPTEMBER 15, 1975 — DECIDED SEPTEMBER 30, 1975 —
REHEARING DENIED OCTOBER 21, 1975 — 

*Wilkinson & Wittner, A. Mims Wilkinson, Jr., John G. McCullough, Charles M. Baird, H. Winthrop Pettigrew,* for appellant.

*Jones, Wilson & Tomlinson, Robert P. Wilson, Lawrence J. Hogan,* for appellee.