## 52594. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY v. BRIDGES.

QUILLIAN, Judge.

The defendant appeals from the grant of plaintiff's motion for summary judgment on the issue of liability. The plaintiff sought recovery on a fire insurance policy with the defendant insurance company which contended that it was not liable because the policy had been canceled before the loss occurred in February, 1975.

As set forth in the trial judge's order:"The undisputed facts show that defendant issued Policy No. 61MP 128-781 on October 1, 1974. This policy was canceled on October 28, 1974, without any effort of the defendant to comply with Code Ann. § 56-2430. Defendant substituted for the aforesaid policy another fire insurance policy No. 61MP 128-744, without notice to the plaintiff of the substitution. Thereafter, and on December 9, 1974, the defendant notified the plaintiff that Policy No. 61MP 128-744 (the substituted policy) would be canceled on the *10th* day after receipt of the notice." The plaintiff testified that when he made inquiry he was told by defendant's agent that a mistake had been made and the original policy was still in force. *Held:*

Upon thorough consideration of the record we agree with the ruling of the trial court that plaintiff was entitled to a summary judgment on the issue of liability. There was no cancellation of the original policy. See *Ga. Farm Bureau Mut. Ins. Co. v. Gordon,* 126 Ga. App. 215 (1) (190 SE2d 447); *Republic Ins. Co. v. Cook,* 129 Ga. App. 833 (1) (201 SE2d 668); *Motors Ins. Corp. v. Roper,* 136 Ga. App. 224, 225 (221 SE2d 55). Hence, the cancellation of another purported policy was of no effect.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 14, 1976 — DECIDED OCTOBER 4, 1976 — REHEARING DENIED OCTOBER 28, 1976 — 

*Levine, D'Alessio & Cohn, Sam F. Lowe, Jr., Sam F. Lowe, III,* for appellant.

*Thomas F. Jones,* for appellee.

ON MOTION FOR REHEARING.

It is argued that certain facts brought to the attention of the insured should have put him "on notice" that his first policy had been canceled. It is also urged that there is evidence the insurance company sent the second policy to the insured on November 25, 1974.

Overlooked by the movant is the basic fact that the policy was sought to be canceled on October 28, 1974. It is uncontradicted that the insurance company failed to meet the requirements of Georgia Insurance Code § 56-2430 as amended (Code Ann. § 56-2430; Ga. L. 1960, pp. 289, 671; 1967, p. 653; 1968, p. 1126; 1973, pp. 499, 501; 1975, p. 1242) regarding notice of cancellation. Until the notice requirements of that Code section were met as to the first policy it remained in effect. The proof offered including sending another policy to the insured, absent compliance with Code Ann. § 56-2430, such as obtaining a receipt, etc., did not create a genuine issue of material fact.