## 54051. HOLCOMB v. SOUTHERN GUARANTEE INSURANCE COMPANY et al.

SMITH, Judge.

The appellant Holcomb, claimant in a workmen's compensation proceeding, received an award against his employer, Raider Service Company, but Raider's workmen's compensation insurance carrier, Southern Guarantee Insurance Company, was released from liability on the grounds that the policy had been canceled. The terms of the award were affirmed by the board of workmen's compensation and then by the superior court. The appellant contends—and we agree—that the administrative law judge made an error of law in concluding that the insurance policy had been cancelled. The judgment is reversed.

To cancel a policy of workmen's compensation insurance, the insurer must comply with two notice provisions: Code § 56-2430 as to the insured, and Rule 600 of the board of workmen's compensation as to the board. We find that notice to the insured did not meet the plainly stated requirements of Code § 56-2430, thus the policy was never canceled. The requirement relevant here is delivery of: "Written notice, stating the time when the cancellation will be effective, but not less than [15] days

from date of notice . . . or such other specific longer period as may be provided in the contract or by statute." The uncontradicted evidence shows the notice was dated July 24, 1975, and it stated the cancellation date was to be August 4, 1975, or eleven days following the date of notice. The decisions dealing with the notice requirement of Code § 56-2430 have mandated strict compliance with its terms, and failure to fulfill those terms results in non-cancellation of the policy. See, e.g., *Nationwide Mut. Fire Ins. Co. v. Bridges,* 140 Ga. App. 242 (230 SE2d 491); *Motors Ins. Corp. v. Roper,* 136 Ga. App. 224 (221 SE2d 55); and *Republic Ins. Co. v. Cook,* 129 Ga. App. 833 (201 SE2d 668). The superior court erred in affirming the finding that the insurance policy had been canceled.

*Judgment reversed. Bell, C. J., concurs. McMurray, J., concurs specially.*

ARGUED MAY 23, 1977 — DECIDED OCTOBER 12, 1977 — REHEARING DENIED NOVEMBER 9, 1977 — 

*Greene & Greene, James E. Greene,* for appellant.
*Savell, Williams, Cox & Angel, Lawson A. Cox, II,* for appellees.

McMURRAY, Judge, concurring specially.

In this workmen's compensation case we have for consideration the liability of the insurer where it attempted to cancel the policy by giving less time than the required statutory notice to the employer of cancellation of its workmen's compensation insurance policy.

I concur fully with the majority, but we have found no Georgia case directly in point. We have numerous Georgia decisions involving various factual issues as to whether or not the required notice was given, but none quite meet the test of this case.

The statute requiring notice is in derogation of the common law and must be strictly construed by the courts. I therefore feel it necessary to consider cases from other jurisdictions which seemingly involve the exact factual situation involved here.

The notice requirements of Code Ann. § 56-2430 (Ga.

L. 1960, pp. 289, 671; 1967, p. 653; 1968, p. 1126; 1973, pp. 499, 501; 1975, p. 1242) are precise, involve substantive rights and must be strictly construed. On this point I am in complete agreement with the majority. I do feel, however, that in order to properly buttress this conclusion we must go one step further and cite foreign authority to substantiate our position.

Many states have held that a notice of cancellation of an insurance policy which fixes a shorter period than that prescribed in the policy is not invalid but acts as a notice of cancellation which becomes effective at the expiration of the prescribed period. Such was apparently the law in our sister state of New York prior to the effective date of their Banking Law § 576 (N. Y. L. 1960, 488, § 1 effective July 1, 1960). See New York Central Employees Albany District Federal Credit Union No. 5119 v. Commercial Credit Company of Newark, 178 NYS 2d 977, 980 (5, 7). That statute is similar to our Code Ann. § 56-2430, supra, in that both require a written notice providing a minimum period of notice that cancellation will occur on a specific date.

The New York Court of Appeals has since held that under their statute the failure to provide the prescribed period of notice of cancellation creates a nullity, and the policy remains in force. Johnson v. General Mutual Insurance Company, 24 N. Y. 2d 42, 48 (1) (298 NYS 2d 937, 941). This persuasive authority being in harmony with the established policy of strict construction as noted by the majority further supports the proposition that any purported cancellation of insurance which deviates from the precise requirements of Code Ann. § 56-2430, supra, is a nullity.

Here, the notice of cancellation did not provide the prescribed period of notice, and the policy remained in force at the time of claimant's injury which was beyond the expiration of the period of notice prescribed by Code Ann. § 56-2430, supra.