## 55908. AMERICAN INTERNATIONAL LIFE INSURANCE COMPANY v. HARTSFIELD et al.

MCMURRAY, Judge.

A collision of automobiles occurring on June 28, 1975, resulted in a tort action for damages brought by William D. Davis against Leonard Hartsfield. Hartsfield answered this suit and filed a third-party complaint against American International Insurance Company which promptly answered the third-party complaint.

Subsequently, American International Insurance Company, as plaintiff, filed a separate declaratory judgment action naming all the parties, including The Travelers Indemnity Company of America, contending that plaintiff was not liable on any contractual obligation, but the defendant Travelers was contractually obligated to the original parties in the tort action by reason of a policy of uninsured motorists coverage insurance.

Prior to the automobile incident two automobile policies had been issued to Hartsfield by the plaintiff (American International), and the issue here involves the sole question of coverage for the collision. Motions for summary judgment were filed by all parties (as stated by the court in its order). Hartsfield also filed a separate motion to dismiss the declaratory judgment action. Plaintiff's motion for summary judgment was denied, and the court granted the motion for summary judgment of the defendants Hartsfield and Davis, the trial court declaring that coverage under the policies extended to the defendant Hartsfield. However, the court denied

defendant Davis' motion for summary judgment on his cross claim but granted same on his counterclaim, "to the extent that this court has herein declared that coverage is provided under two policies of insurance . . ." The court also added that it made no decision on the right of the defendant Hartsfield to collect statutory penalties or attorney fees, holding same to be a jury question. The temporary restraining order granting a stay was dissolved.

The two liability policies issued to Hartsfield were as follows: (1) Policy Number 553 45 57 for a period "10-02-74 to Continuous Until Terminated. First Payment Thru 12-02-74 (—— months) and subject to the consent of the company, for successive policy periods as provided in Condition 1," the total premium shown being $44.64; and (2) Policy Number AMM 554 37 29 which was written for a period from "04-15-75 to Continuous Until Terminated. First Payment Thru 07-15-75 (—— months) and subject to the consent of the company, for successive policy periods as provided in Condition 1." This last policy showed the total premium to be $110.50. Plaintiff sought to show it never received premium payments for either policy. It did receive payment for $46.05 from Hartsfield on the first policy which it contends was sufficient to cover the premium for two months, contending this was a "two months" policy which automatically terminated on December 2, 1974, when no other payment was received. Hartsfield had issued a check in the amount of $44.64 to the insurer on or about December 2, 1974, which was presented and allegedly returned for insufficient funds. On December 24, 1974, the insurer notified Hartsfield of the return of the check and requested another to be issued. An agent (the national processing manager) of the insurer admitted the first policy was still in force at that time. Hartsfield was then billed for $89.28 (four months premiums instead of two months) due February 2, 1975, the agent admitting the policy to be continuous to "2/2/75." No proof of notice of termination was ever offered. Hartsfield tendered another check dated March 1, 1975, for $89.28 which was allegedly returned to him together with a letter refusing same and advising him the first policy had lapsed for nonpayment of the premium.

The second policy was written and plaintiff contends that defendant paid for this policy with a check dated April 14, 1975, for $93 which was also returned for insufficient funds.

It is plaintiff's contention that at the time of the collision neither policy was in effect due to the nonpayment of premiums contending it had never been paid for either, although it does admit receiving a two month payment as to the first policy.

Plaintiff appeals the denial of its motion for summary judgment and the granting of the motion for summary judgment in favor of Hartsfield and Davis as to his counterclaim, the dissolving of the restraining order enjoining the prosecution of the pending tort case and the court deciding that a jury question had been raised as to the right of Hartsfield to collect a statutory penalty and/or attorney fees in connection with the third-party complaint as to Hartsfield against the plaintiff. *Held:*

1. Generally the nonpayment of insurance premiums when due, in the absence of waiver expressly made or arising by reason of reasonable implication, results in forfeiture of the policy. *Illinois Life Ins. Co. v. McKay,* 6 Ga. App. 285 (64 SE 1131); *Plumer v. Continental Cas. Co.,* 12 Ga. App. 594 (1) (77 SE 917); *Metropolitan Life Ins. Co. v. Smith,* 48 Ga. App. 245 (172 SE 654).

2. But the payment of premiums is not within itself a condition precedent to the creation or continuation of a contract of insurance unless by express terms of the policy or by necessary implication such payment is made a condition precedent to any liability of the insurer on the contract. *Metropolitan Life Ins. Co. v. Thompson,* 20 Ga. App. 706 (3) (93 SE 299); *Lankford v. State Life Ins. Co.,* 57 Ga. App. 626, 633 (195 SE 907).

3. No provision is here found in either policy of insurance which provides that coverage is conditioned upon the advanced payment of a premium. To void a policy ipso facto, it must be so provided in the contract of insurance. *Cotton States Mut. Ins. Co. v. Boatright,* 100 Ga. App. 493, 495 (4) (111 SE2d 645).

4. But an automobile insurance policy as to bodily injury, property damage liability, medical payments,

physical damage and uninsured motorists coverage is controlled by Code Ann. § 56-2430.1 (Ga. L. 1960, pp. 289, 671; 1967, p. 653; 1968, pp. 1126, 1127; 1971, pp. 658-661; 1975, pp. 1242-1244) specifically as to cancellations; and notice of cancellation is required for nonpayment of premiums "or any installment thereof." See in this connection *Garner v. Government Employees Ins. Co.,* 129 Ga. App. 235 (199 SE2d 350); *Roberts v. American Southern Ins. Co.,* 142 Ga. App. 232 (235 SE2d 660). No cancellation of the policies has been shown to have occurred under Code Ann. § 56-2430.1, supra, or Code Ann. § 56-2430 (Ga. L. 1960, pp. 289, 671; 1967, p. 653; 1968, p. 1126; 1973, pp. 499, 501; 1975, p. 1242). However, plaintiff contends the policies lapsed for nonpayment of the premium. As to cancellation of insurance policies see such cases as *Reserve Ins. Co. v. Ford Motor Credit Corp.,* 127 Ga. App. 193, 194 (192 SE2d 925); *Republic Ins. Co. v. Cook,* 129 Ga. App. 833 (1) (201 SE2d 668); *Motors Ins. Corp. v. Roper,* 136 Ga. App. 224 (1) (221 SE2d 55); *Ector v. American Liberty Ins. Co.,* 138 Ga. App. 519 (226 SE2d 788). Strict adherence to the provisions of the above statute in regards to automobile insurance policies is required to accomplish cancellation. See *Canal Ins. Co. v. Lawson,* 123 Ga. App. 376 (1), 378 (181 SE2d 91); *Ga. Farm &c. Ins. Co. v. Gordon,* 126 Ga. App. 215, 216 (190 SE2d 447).

5. Both policies were written, "Continuous until terminated." Under Code Ann. § 56-2430.1, supra, "Any policy with no fixed expiration date shall be considered as if written for successive policy periods or terms of one year. . ." The evidence with reference to the first policy does not merit a finding that it was written as a two months policy and that same was automatically terminated. *Arnold v. Empire Mut. Annuity &c. Ins. Co.,* 3 Ga. App. 685 (1) (60 SE 470).

6. Since neither of these automobile policies has been shown to have been canceled in accordance with law the trial court did not err in granting the motion for summary judgment of the defendant Hartsfield, the motion for summary judgment of defendant Davis on his counterclaim to the extent that coverage is provided under the two policies, the denial of plaintiff's motion for

summary judgment and in dissolving the restraining order previously issued allowing the parties to proceed with the prosecution of the tort action. Likewise, the court did not err in refusing to make a decision on the right of the defendant policyholder (Hartsfield) to collect statutory penalty or attorney fees in his third-party complaint against the plaintiff, same being filed in the original tort action. The declaratory action while seeking a declaration as to the rights and liabilities of the parties did not specifically request a ruling as to the right of Hartsfield to collect a statutory penalty and/or attorney fees. Nor did the court make such decision holding that it should be resolved in that third party action. However, the language of the court that "such is a jury question" should be disregarded as surplusage, and neither the trial court nor the parties should be bound by this statement in the trial court below.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED JUNE 7, 1978 — DECIDED
SEPTEMBER 14, 1978.

*Lane & O'Brien, A. Ed Lane, Robert J. NeSmith,* for appellant.

*Freeman & Hawkins, William Q. Bird, N. Forrest Montet,* for appellees.