## 56624, 56625. TRAVELERS INDEMNITY COMPANY v. GUESS et al. (two cases).

SHULMAN, Judge.

The Travelers Indemnity Company, appellant herein, issued a policy of automobile liability and collision insurance to Shirley Ann Guess, appellee. Appellee admitted on deposition that she misrepresented her driving record when applying for the policy. Some two months after issuing the policy, appellant mailed a notice of cancellation of the policy. It is admitted by appellee that she received such notice. Nine days after the cancellation was to be effective, appellee's vehicle was involved in a collision and appellee sought recovery from appellant.

There is no issue over the right of appellant to cancel the policy. The sole question presented is whether or not such cancellation was proper and in accordance with the requirements of the law. Appellees contend that since appellant failed to obtain a post office receipt of mailing the notice of cancellation as required by Code Ann. § 56-2430, such notice of cancellation was ineffective. The trial court sustained this contention and granted summary judgment in favor of appellees. In the same order, Travelers' motion for summary judgment was denied. We affirm the ruling.

1. Code Ann. § 56-2430 provides: "Cancellation of a policy which by its terms and conditions may be cancelled by the insurer shall be accomplished as prescribed herein: Written notice, stating the time when the cancellation will be effective. . .may be delivered in person, or by depositing such notice in the United States mails to be dispatched by at least first class mail to the last address of record of the insured and receiving therefor the receipt

provided by the United States Post Office Department..."

This case is clearly controlled by *Ga. Farm Bureau Mut. Ins. Co. v. Gordon,* 126 Ga. App. 215, 216 (190 SE2d 447). "It is clear from the statute that in order to cancel the insurance policy, it was mandatory to either deliver the notice of cancellation in person or mail it and obtain a receipt from the United States Post Office Department. Therefore, no cancellation was effected in the case sub judice by mailing of the notice of cancellation, because no receipt was obtained."

Judge McMurray, in his specially concurring opinion in *Holcomb v. Southern Guarantee Ins. Co.,* 143 Ga. App. 788, 789 (240 SE2d 128), stated that the statute involving notice is in derogation of the common law and must be strictly construed by the courts. He further buttresses his view by citing Johnson v. General Mutual Insurance Co., 24 N.Y. 2d 42, 48 (1) (298 NYS2d 937, 941). We agree with this policy of strict compliance.

2. "The requirements for cancellation under Code Ann. § 56-2430 are plain and certain." *Motors Ins. Co. v. Roper,* 136 Ga. App. 224, 225 (221 SE2d 55). See also *Republic Ins. Co. v. Cook,* 129 Ga. App. 833 (201 SE2d 668). In the absence of personal delivery, written notice of cancellation is effected only by depositing such notice in the mail and "receiving therefor the receipt provided by the United States Post Office Department." Code Ann. § 56-2430.

It is our opinion that the fact that appellee acknowledged that she received a notice of cancellation does not change the precise and exact requirement of the statute that a post office receipt be obtained in order for a cancellation to be effective. See *Nationwide Mut. Fire Ins. Co. v. Bridges,* 140 Ga. App. 242 (230 SE2d 491).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 20, 1978 — DECIDED DECEMBER 1, 1978 — REHEARING DENIED DECEMBER 19, 1978 —

*Freeman & Hawkins, Michael J. Goldman,* for appellant.

*Nall & Miller, Thomas J. Kassin,* for appellees.