## 34647. TRAVELERS INDEMNITY COMPANY v. GUESS et al.

UNDERCOFLER, Presiding Justice.

We granted certiorari in this case to review the following question: "Is written notice of cancellation of an insurance policy, mailed to and actually recieved by the insured, ineffective if the insurance company fails to obtain a post office receipt of the notice of cancellation required by Code Ann. § 56-2430?"[1]

---

[1] The pertinent part of Code Ann. § 56-2430, Cancellation, reads as follows: "Cancellation of a policy which by its terms and conditions may be cancelled by the insurer shall be accomplished as prescribed herein: Written notice, stating the time when the cancellation will be effective, but not less than 30 days from date of notice . . . may be delivered in person, or by depositing such notice in the United States mails to be dispatched by at least first class mail to the last address of record of the insured and *receiving therefor the receipt provided by the United States Post Office Department . . .* Provided, however, when . . . a policy which has been in effect for less than 60 days is cancelled for any reason, the notice requirements . . . may be satisfied by giving not less than 10 days written notice to the insured . . . in lieu of the number of days notice otherwise required herein." (Emphasis supplied.) The statute has been amended in 1968, 1973, and 1975, each amendment completely superseding the former section. No amendment has

In the case, sub judice, Travelers issued an automobile insurance policy to Shirley Ann Guess on August 23, 1976. The Travelers shortly thereafter learned that the application contained alleged misrepresentations concerning the insured's previous driving record. A cancellation notice was immediately mailed "early in October" setting the effective cancellation date on October 16, 1976. On October 25, 1976, the Guess automobile was involved in a collision and Mrs. Guess sought to recover under the policy. At the hearing upon Travelers' motion for summary judgment, Mrs. Guess admitted receiving the notice on October 4, 1976. The Travelers admitted there was no personal service and that no receipt was obtained from the Post Office Department as required by the statute. The trial court denied summary judgment to Travelers on this issue and granted summary judgment to Mrs. Guess. The Court of Appeals affirmed. *Travelers Indemnity Co. v. Guess,* 148 Ga. App. 496 (251 SE2d 590) (1978).

1. Where the insured admits the receipt of notice of the cancellation of an insurance policy, it is error to deny a motion for summary judgment by the insurer as to the issue of notice under the policy and to grant summary judgment to the insured because the insurer failed to obtain a Post Office Department receipt of the time of mailing the cancellation notice as required by Code Ann. § 56-2430 (Ga. L. 1960, pp. 289, 671, as amended). The two methods set forth in the statute to constitute an effective cancellation are mandatory (*Ga. Farm Bureau Mut. Ins. Co. v. Gordon,* 126 Ga. App. 215, 216 (1) (190 SE2d 447) (1972), cert. den. 1972; *Republic Ins. Co. v. Cook,* 129 Ga. App. 833, 834 (1) (201 SE2d 668) (1973), no cert. applied for; *Motors Ins. Corp. v. Roper,* 136 Ga. App. 224 (221 SE2d 55) (1975), cert. den. 1975; *Nationwide Mut. Fire Ins. Co. v. Bridges,* 140 Ga. App. 242 (230 SE2d 491) (1976), cert. den. 1976), and when utilized by the insurance company, the language of the statute must be strictly construed. *Holcomb v. Southern Guarantee Ins. Co.,* 143 Ga. App. 788, 789-790 (240 SE2d 128) (1977).

---

altered the requirement that the receipt be obtained if the cancellation notice is mailed.

However, the methods adopted by the General Assembly are intended to assure actual notice of cancellation to an insured and where it is admitted such notice was received, the purpose of the statute has been accomplished.[2] See *Allstate Ins. Co. v. Cody,* 123 Ga. App. 265, 267 (180 SE2d 596) (1971); *Canal Ins. Co. v. Tate,* 111 Ga. App. 377, 383 (141 SE2d 851) (1965) citing *Bankers Mut. Cas. Co. v. Peoples Bank of Talbotton,* 127 Ga. 326 (1) (56 SE 429) (1906).

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 9, 1979 — DECIDED
APRIL 24, 1979.

*Freeman & Hawkins, Michael J. Goldman,* for appellant.

*Nall & Miller, Thomas J. Kassin, George R. Neuhauser,* for appellees.

___

[2]This holding would not be applicable where receipt of notice of cancellation is denied by the insured. Failure to follow the strict mandate of the statute would authorize summary judgment, upon proper motion, for the insured. *Republic Ins. Co. v. Cook,* 129 Ga. App. 833 (201 SE2d 668) (1973).