59178. FAVATI v. NATIONAL PROPERTY OWNERS INSURANCE COMPANY et al.

BIRDSONG, Judge.
Cancellation of insurance. Appellant Favati applied for insurance coverage on his personal auto and a policy was issued by National Property Owners Insurance Co., which became effective on June 5, 1977. After the policy was issued, National became aware of a "poor" driving record apparently not disclosed by Favati. On July 8, 1977, an employee of National took a notice of cancellation of the policy and delivered it to the post office in Nashville, Tennessee. The employee certified on the face of the no-

tice of cancellation that she had delivered the notice into the hands of the postal authorities and a stamp of that agency giving the date, time and place was placed upon the notice of cancellation. The notice of cancellation was mailed to the address which indisputably was the proper address of Favati during the entire time involved in this dispute. On July 21, 1977, a check for the return of the premium paid for coverage by Favati was mailed to Favati at his address. Subsequently, the unopened notice of cancellation was received from the postal agency indicating, erroneously, that the notice could not be delivered because the addressee had moved and left no forwarding address. However, the check was received by Favati, endorsed personally by him and deposited to his account in his bank. Approximately four months after the purported cancellation, Favati was involved in an automobile accident and was sued by the other party to the accident. Favati made demand upon National to defend him and upon a denial of coverage, by order of court, brought National into the litigation as a third party defendant. National moved for summary judgment showing basically the above facts. The trial court granted summary judgment to National, and it is that grant that forms the basis of this appeal. *Held:*

Favati argues that it was the intent of the legislature in Ga. L. 1960, pp. 289, 671; 1967, p. 653; 1968, p. 1126; 1973, pp. 499, 501; 1975, p. 1242 (Code Ann. § 56-2430) to secure actual notice of cancellation for an insured. See *Travelers Indem. Co. v. Guess,* 243 Ga. 559, 561 (255 SE2d 55). He argues that because National admits the notice of cancellation was returned unopened this conclusively establishes lack of personal notice. Further, Favati argues that the "stamp" of the postal department showing the date, time and place of receipt of the notice of cancellation without additional words specifically indicating "receipt" does not comply with the requirements of Code Ann. § 56-2430.

We disagree with the contentions advanced by the appellant, Favati. In *Travelers Indem. Co. v. Guess,* supra, as we read that case, the Supreme Court simply held that the requirements of Code Ann. § 56-2430 were designed to place upon the insurer the responsibility of taking

adequate steps to do all within its power to make certain their insured was placed on notice that insurance coverage had been cancelled. This could be accomplished by delivering the notice of cancellation properly addressed and stamped for first class delivery to the postal authorities and obtaining their receipt of such custody. In lieu thereof, a personal delivery to the insured would be required. An incomplete attempt to utilize the postal delivery (i. e., use of mails without obtaining a receipt) is insufficient but that insufficiency may be overcome by showing actual receipt by the insured. *Travelers Indem. Co. v. Guess,* supra.

In this case National, in accordance with the specific dictates of Code Ann. § 56-2430, delivered a notice of cancellation of the policy to the post office. That notice had upon it a certificate by an employee that she had delivered the notice to the post office and the certificate had superimposed thereon the stamp of the local post office showing the date, time and place of the delivery to the post office. In addition the trial court had before it an affidavit by that same employee verifying the delivery and the obtention of the stamped receipt by the post office. Subsequently, the notice was returned by the post office, further establishing that the notice was in the hands of the postal service. Moreover, National submitted evidence that Favati was presented a check bearing information thereon that by reasonable implication informed Favati the check was a return of premium and that the auto policy, by number, had been cancelled. This check was accepted and endorsed by Favati and deposited to his account.

In *Hill v. Allstate Ins. Co.,* 151 Ga. App. 542, 543 (260 SE2d 370), this court held that a similar notice of cancellation (a computer compilation of several notices) stamped by postal authorities to indicate receipt of the letters addressed to the persons appearing on the list constituted a "post office receipt" sufficient to comply with statutory requirements of mailing. It was held further that the *stamped* notice of cancellation, plus meeting the other requisites of Code Ann. § 56-2430, satisfied the notice requirements of the statute whether notice had in fact been received by the insured. Indeed the

case goes further to hold that whether the notice actually had been received by the insured is legally irrelevant where all the requisites of the delivery to the postal authorities had met sufficient compliance and the fact of non-delivery is not an issue which would preclude summary judgment. See *Harris v. U. S. Fidelity &c. Co.,* 134 Ga. App. 739, 745 (216 SE2d 127). When we add that all statutory requirements of delivery by mail had been met, to the fact that Favati had accepted a check which on its face informed him it was a return of premium based upon the cancellation of his auto insurance policy, we are constrained to hold there has been sufficient compliance with the notice statute. It follows that in the absence of issues of fact and where the only issues of law were correctly decided by the trial court, there was no error in the grant to National of its motion for summary judgment. *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 603 (203 SE2d 173); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442).

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED JANUARY 11, 1980 — DECIDED MARCH 5, 1980.

*John E. Sacker, Jr.,* for appellant.

*Ervin H. Gerson, Hugh McNulty, Sr., Hugh Newberry, Ronald S. Stevens,* for appellees.