## 62340. WHITLOCK et al. v. DAIRYLAND INSURANCE COMPANY.

SHULMAN, Presiding Judge.

Appellant Whitlock struck a pedestrian, co-appellant Cozy Mae Rakestraw, with his car on October 10, 1979. Rakestraw brought suit against Whitlock. Appellee then filed this action seeking a judgment declaring that the insurance policy it had issued to appellant Whitlock had expired two weeks prior to the incident involved. All proceedings in the tort case were stayed until the outcome of this action was determined. The trial court granted appellee's motion for summary judgment. We affirm.

Whitlock's policy was a month-to-month plan in which he received a renewal offer each month for the next month. Included in the renewal offer was the caveat: "No grace period! If premium is not received by due date your coverage expires." Whitlock received that notice on September 11, 1979, and the due date for the premium was September 28, 1979. Whitlock failed to pay the premium.

1. Appellants contend that this case should be governed by the strict standards in Code Ann. § 56-2430.1 regulating insurance cancellations. Appellee contends, however, and we concur, that what is involved in the present case is an *expiration* of the insurance policy, not a *cancellation,* and that the transaction in question falls under the exceptions to Code Ann. § 56-2430.1 enumerated in subsection (C) (2) (b) and (c) of that section. Subsection (C) reads in pertinent part as follows: "(2) This subsection shall not apply in case of . . . (b) failure of the insured to pay the premium as required by the insurer for renewal, or (c) if the insurer has manifested its willingness to renew by delivery [of] a renewal policy, renewal certificate or other evidence of renewal to the named insured or his representative or by offering to issue a renewal policy, certificate or other evidence of renewal, or has manifested such intention by any other means." The present situation qualifies under both points.

"The purpose of Code Ann. § 56-2430.1 (C) . . . is to provide the insured with notice as to the status of his policy. When the record affirmatively shows compliance with the statute by the insurer, knowledge of the policy's status, and admitted inactivity and non-response by the insured to effect a renewal thereof, the law should not create a contractual relationship due to after-the-fact circumstances." *National Ind. Co. v. Berry,* 136 Ga. App. 545, 549 (221 SE2d 624). On October 10, 1979, Whitlock was not covered by the insurance policy issued by the appellee because that policy had expired on September 28, 1979. See also *Travelers Ind. Co. v. Guess,* 243 Ga. 559 (255 SE2d 55).

2. Appellants contend that the structure of the month-to-month insurance plan offends public policy. We disagree. The insurance field is one of the most heavily regulated in this state today. Since the policy offered by the appellee met the stringent standards set out in the Georgia Code, we are not willing to declare such a policy void or against the general welfare of the public. Therefore, it was not error for the trial judge to grant appellee's motion for summary judgment.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED OCTOBER 21, 1981.

*W. Pitts Carr, Gary T. Sherling, Gary W. Smith,* for appellants. *Richard B. Eason, Jr., Carolyn J. Kennedy,* for appellee.