64028. PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY v. PERSON.

QUILLIAN, Chief Judge.
The defendant, Pennsylvania National Mutual Casualty Insurance Company, appeals from an order of the trial court which granted the defendant — Barbara A. Person's motion for partial summary judgment and denied the insurer's motion for summary judgment.

On August 7, 1980, an assigned risk automobile insurance policy was issued by Pennsylvania National to Barbara Person which included personal injury protection (PIP) and uninsured motorist coverage. Ms. Person elected to pay her premium in installment payments. On October 8, 1980, the insurer billed Person with a notice which stated, inter alia, that unless the next installment payment was made on or before the date due — November 7, 1980, "THE INSTALLMENT DUE DATE SHOWN ON THIS STATEMENT BECOMES A NOTICE OF CANCELLATION EFFECTIVE 11 07 80 12:01 A.M. . .NO FURTHER NOTICE WILL BE GIVEN." The insurer did not receive the installment payment and conducted an audit of Ms. Person's insurance policy and forwarded a rebate to her on November 21, 1980 in the amount of $9.90 — through the insurance agent who had obtained her insurance policy.

Ms. Person was involved in an automobile accident on December 27, 1980 and filed a claim against Pennsylvania National on February 25, 1981. The insurer denied the claim on the ground that it had cancelled the insurance policy prior to the date of the accident. Person brought this action in the Superior Court of DeKalb County and moved for partial summary judgment as to coverage under the insurance policy for uninsured motorists. Person also brought an action in the State Court of Fulton County against Pennsylvania National for no-fault PIP benefits. In both actions Pennsylvania National moved for summary judgment. Both courts denied the insurer's motion for summary judgment and granted Person's motions for partial summary judgment. Pennsylvania National brings this appeal. *Held:*

In the appeal from the State Court of Fulton County, *Pennsylvania Nat. &c. Ins. Co. v. Person,* 164 Ga. App. 488 (297 SE2d 80) (1982) this court held "[w]here cancellation of the policy is for failure of the named insured to pay a premium 'when due,' no less than ten days written notice of cancellation to the insured is required by statute. Code Ann. §§ 56-2430 and 56-2430.1. In the instant case the notice of cancellation was not given to the insured upon her failure to pay the premium *when due.* Rather, notice of cancellation was given *before* the premium was due. There was no reason to cancel the policy until *after* the premium became due and payable. Thus, the insured is entitled under statute to notice of cancellation for failure to pay her premium *when due* and at least a ten day grace period prior to the *effective date* of the cancellation. . . . The notice requirements of the statutes regarding cancellation of insurance policies are mandatory and require strict compliance and failure to adhere to the requirements results in noncancellation of the policy. *Holcomb v. Southern Guarantee Ins. Co.,* 143 Ga. App. 788, 789 (240 SE2d 128) (1977); *American &c. Ins. Co. v. Hartsfield,* 147 Ga. App. 213 (248 SE2d 518) (1978)."

Our holding in the instant case is controlled by our prior decision in *Pennsylvania Nat. &c. Ins. Co. v. Person,* 164 Ga. App. 488, supra.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 16, 1982 —
REHEARING DENIED DECEMBER 15, 1982.

*Alfred B. Adams III, Teresa D. Darroch,* for appellant.
*Wade K. Copeland, Diane Q. House,* for appellee.