73318. PROTECTIVE NATIONAL INSURANCE COMPANY OF OMAHA v. ASHLEY et al.

(356 SE2d 230)

Benham, Judge.

Appellant Protective National Insurance Company of Omaha ("Protective") issued to appellees Donald and Carol Ashley an insurance policy covering their mobile home. The expiration date of the policy was April 18, 1983. Sixty days prior to the expiration of the policy, Protective, through the Jarvis Insurance Agency, Inc., provided the Ashleys with a written reminder that the policy would expire if payment of $107 was not received by April 18, 1983. Mrs. Ashley admitted on deposition that she had received three notices that payment was required for continuation of coverage, but that she and her husband had decided not to reply to the notice because they intended for the policy to expire.

In fact, on March 12, 1983, the Ashleys obtained property insurance with Cotton States Insurance Company ("Cotton States") and set the effective date of coverage for April 18, 1983, the same date their policy with Protective would expire. On August 21, 1983, the Ashleys incurred a loss when the insured property was destroyed by fire. The Ashleys notified Cotton States of the loss but did not notify Protective, because, as they testified, since they had not paid the premiums to renew, they considered their policy with Protective to have expired on April 18, 1983. Protective did not receive notice of the loss until several months later when an agent for Cotton States informed it of the Ashleys' claim. The agent acting on behalf of the Ashleys also informed Protective that since it had not mailed a notice of nonrenewal or cancellation to the Ashleys pursuant to OCGA § 33-24-46, its policy did not expire on the expiration date and it was liable for some or all of the Ashleys' claim.

In August of 1984, the Ashleys executed a loan receipt to Cotton States in the amount of $45,019.56. Cotton States' policy with the Ashleys was in full force and effect at the time the property was destroyed. Cotton States, in the name of the Ashleys, filed a subrogation action against Protective seeking complete reimbursement for the total sum it had paid to the Ashleys. The trial court denied appellant's

motion for summary judgment and granted summary judgment to the appellees. Appellant asserts that the trial court erred in granting appellees' motion and in denying appellant's motion because, among other grounds, its compliance with OCGA § 33-24-46 was sufficient. We agree.

OCGA § 33-24-46 provides that the insurer must send to the insured a notice of nonrenewal or cancellation if the insurer fails or refuses to renew or cancels the policy. Appellees argue that since Protective failed to send them such a notice of nonrenewal, its policy did not expire on the policy expiration date. The Ashleys admit, however, that Protective did send them timely renewal notices which stated the policy would expire if premiums of $107 were not paid by the expiration date.

"The purpose of [the notice provision] is to provide the insured with notice as to the status of his policy. When the record affirmatively shows compliance with the statute by the insurer, knowledge of the policy's status, and admitted inactivity and non-response by the insured to effect a renewal thereof, the law should not create a contractual relationship due to after-the-fact circumstances. [Cit.]" *Whitlock v. Dairyland Ins. Co.*, 160 Ga. App. 113 (1) (286 SE2d 343) (1981). Although *Whitlock* applies a different statute and concerns a different type of insurance, the purposes of the notice provisions are the same and the principle stated in that case is equally applicable to this case.

The record here shows that appellant sent timely notices to the Ashleys that their policy would not continue past the expiration date without the payment of premiums in a stated amount by a stated date. We find that sufficient to inform the Ashleys that the policy would not be renewed without payment of premiums. The notice was "sufficiently clear and specific so that a person of average intelligence [could] identify the basis for the insurer's decision without further inquiry." OCGA § 33-24-46 (f). Indeed, the Ashleys testified that it was their understanding the policy would expire on the expiration date and that they chose to allow it to expire because they wanted, and did procure, insurance from another insurer. Accordingly, we hold that the purpose of OCGA § 33-24-46 was met by the procedure followed in this case and that the policy issued by appellant expired prior to the occurrence of the Ashleys' loss. It follows that appellant has no liability for that loss and that the trial court erred in granting summary judgment to appellees and denying summary judgment to appellant.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED MARCH 17, 1987 —
REHEARING DENIED APRIL 3, 1987 —

*J. Wayne Pierce, Alfred A. Quillian, Jr.*, for appellant.
*Jon B. McPhail, Richard L. Patton*, for appellees.