A89A0037. BUFFINGTON et al. v. STATE AUTOMOBILE
MUTUAL INSURANCE COMPANY.
(384 SE2d 873)

BEASLEY, Judge.

The relevant facts in this appeal from a declaratory judgment order are undisputed. In March 1987, Buffington renewed his automobile insurance policy with State Automobile Mutual Insurance Company for a six-month period from March 29, 1987, until September 29. The policy covered Buffington's Oldsmobile and his wife's Cadillac. Before the inception of the renewal period, Buffington added coverage for a pickup truck driven by his sixteen-year-old son Brian. The additional premium for the truck was not included in the premium paid for the six-month renewal.

In April, Brian and Buffington's stepbrother purchased a Bronco. On April 23, without Buffington's knowledge and consent, Brian called Norton-West, the local agency handling State Auto insurance, and requested that the Bronco be added to his father's policy. It was added, including collision coverage which was not on the other vehicles.

On May 1, State Auto sent Buffington an amended declarations page showing a breakdown of coverage and premiums on the four vehicles and a statement of account showing a prior balance due of $68 and an additional premium of $507, for a total of $575 payable upon receipt. State Auto sent Buffington a notice with an issue date of May 24, stating: "We have not received the additional premium of $575.00 due on this automobile insurance policy. Unless your payment is received by 6-18-87, your policy will be cancelled effective 6-18-87. Prompt payment will insure continuous coverage."

At Buffington's request, on June 16, the Bronco was removed from his policy. By notice dated June 20, State Auto notified Buffington: "Since we have not received the additional premium due on this automobile policy, your policy has been cancelled 6-18-87. Please contact your agent if you still desire coverage."

On June 20, Brian, while driving his mother's Cadillac, had a collision with the Dellingers. On June 22, Norton-West received a check dated June 18 for $350 from Brian and forwarded the check to State Auto. On July 3, State Auto, via the agent, sent Buffington a refund premium check for $52 and returned Brian's personal check for $350 stating that it was received by the company after cancellation.

The Dellingers filed suit against Buffington and Brian for personal injuries and loss of consortium allegedly sustained because of the collision with Brian. State Auto filed a petition for declaratory judgment seeking a declaration that no coverage existed under Buffington's policy as a result of any claims arising out of the collision with the Dellingers and therefore State Auto had no duty to defend Buffington and Brian in the Dellingers' suit or to pay any claims or judgments arising from the collision.

After consideration of the record, which included the depositions of Mr. and Mrs. Buffington and Brian, and after an untranscribed evidentiary hearing, the trial court issued an order concluding that no issues remained for jury determination. It ruled that State Auto owed no duty to defend Buffington and Brian in the Dellingers' suits, or to satisfy in whole or in part any judgment, or to pay any claims or benefits as a result of the June 20 collision, since this was subsequent to the date coverage was cancelled due to nonpayment of premium.

Buffington, Brian, and Georgia Farm Bureau Mutual Insurance Company, the Dellingers' uninsured motorist carrier, appealed on three bases of error: (1) A minor child without the knowledge, consent or subsequent ratification of his actions by his parent, does not have authority to cancel his parent's existing insurance policy and contract on that parent's behalf for the issuance of a new or modified policy adding another motor vehicle and collision coverage; (2) procurement of additional coverage on the Bronco did not, without mutual agreement of the parties, authorize the cancellation of the existing cover-

age on the three other vehicles so as to bind these vehicles to a cancellation of insurance for nonpayment of the additional premium on the Bronco; (3) in that the unauthorized coverage of the Bronco could not be charged to Buffington and Buffington's premiums were paid up past the June 18 date, so a thirty-day notice of cancellation was required under then OCGA § 33-24-45 (d) (now 33-24-44 (b)).

These arguments fail. Appellants mischaracterize the initial result of Brian's actions. The minor's request that the Bronco be added to the existing coverage did not cancel the policy but rather modified it and thus increased the premium obligation. Brian was a named insured under the policy. His minority in and of itself did not prohibit Brian from contracting insurance. See OCGA § 33-24-5. Although Brian's actions in requesting that the Bronco be added to the existing policy may have been unauthorized by his parents, they were not unauthorized under the law or under the policy itself. Even if Brian's actions were contractually and legally unauthorized so that the policy should not have been modified to provide coverage for the Bronco and require a premium increase, coverage on all the vehicles was cancelled because of nonpayment of premiums which included an amount due on the truck. That nonpayment affected the coverage of the Cadillac, too.

Thus, thirty-day notice was not required. OCGA § 33-24-44 (b). Moreover, the notice afforded on May 24 and June 20 complied with the ten-day mandate of OCGA § 33-24-44 (b). Compare *Pennsylvania Nat. &c. Ins. Co. v. Person*, 164 Ga. App. 488 (297 SE2d 80) (1982) and *Pennsylvania Nat. &c. Ins. Co. v. Person*, 164 Ga. App. 755 (297 SE2d 337) (1982).

The trial court's findings were supported by the evidence and its determination correct. State Auto owed no legal duty to the Buffingtons in regard to the Dellingers' lawsuit because coverage was cancelled for nonpayment of premiums.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 22, 1989 —
REHEARING DENIED JULY 19, 1989 — ▮▮▮▮▮▮▮

*Roland H. Stroberg, Deal & Jarrard, J. Nathan Deal*, for appellants.

*James E. Brim III, Douglas E. Smith*, for appellee.