**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, SEMINOLE LODGE 971, a labor organization, Plaintiffs-Appellees,**

v.

**UNITED TECHNOLOGIES CORPORATION, a Delaware Corporation and Pratt & Whitney Aircraft Group Products Division, Defendants-Appellants.**

No. 85–5102.

United States Court of Appeals, Eleventh Circuit.

Jan. 2, 1986.

W. Reynolds Allen, Hogg, Allen, Ryce, Norton & Blue, P.A., Mark E. Levitt, Tampa, Fla., for defendants-appellants.

Steven Bloom, Kaplan, Sicking & Bloom, West Palm Beach, Fla., for plaintiffs-appellees.

Before HATCHETT and CLARK, Circuit Judges, and ALLGOOD *, District Judge.

CLARK, Circuit Judge:

The sole issue presented by this appeal is whether an employer was properly compelled by the district court to arbitrate a grievance filed by an employee. We affirm the order of the district court compelling the employer to proceed to arbitration.

I.

On April 24, 1980, employee William Grubb filled out and submitted the standard grievance form provided for by the

Collective Bargaining Agreement between the Pratt & Whitney Aircraft Group (Government Products Division) of United Technologies Corporation and Seminole Lodge 971 of the International Association of Machinists and Aerospace Workers. Grubb filled in the blanks of the form as follows:

> Statement of Grievance and Facts Involved: <u>I, WILLIAM GRUBB, grieve that I do not agree with the evaluation of Job Code 068.</u>
>
> Remedy Requested: <u>Re-evaluate, upgrade and pay me retroactive back pay from the date of this greivance [sic].</u>
>
> Violation Claimed: Article <u>VII</u> Section <u>2</u>

Record Vol. I at 46, No. 81–5807, *International Association of Machinists & Aerospace Workers v. United Technologies Corp.* The evaluation of Job Code 068 upon which Grubb based his grievance was a December, 1979 re-evaluation by the company which had been requested by the union. The union alleged that the content of the job had changed significantly over time, but the company determined that there had not been a major change in the content of the job and maintained the classification of Job Code 068 at Labor Grade 4, the same labor grade that it had been since the job was created in 1959. *See* Supp. Record, Exhibit 5.

Article VII, section 2 of the Collective Bargaining Agreement sets forth the procedure for claims that a job has not been properly evaluated. As required by this section, Grubb's grievance was processed beginning with written step three of the grievance procedure whereby it was presented by the union shop committee to the committee of management. When the committee of management denied Grubb's claim, the chairman of the shop committee requested a conference with the director of labor relations of United Technologies Corporation or his representative in accordance

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

with written step four of the grievance procedure. When the decision of the director of labor relations also proved unfavorable, the union sought to have the grievance submitted to arbitration in accordance with article VII, section 3 of the Collective Bargaining Agreement, which provides in pertinent part as follows:

(a) The following grievances, if not settled at Written Step 4 of Section 1 of this Article shall be submitted to arbitration upon the request of either party hereto filed in accordance with the provisions of this Article.

. . . .

11. A grievance alleging that under the Hourly Job Rating Plan a new job has not been properly evaluated or *a grievance alleging that a job which has changed in labor grade as a result of a major change in content has not been properly evaluated* . . . .

Record Vol. I at 47, No. 81–5807 (pp. 14–15 of Collective Bargaining Agreement) (emphasis added).

The company refused to submit the grievance to arbitration, and the union filed suit in state court to compel the company to proceed to arbitration. After removal of the case to federal court, the district court granted summary judgment for the union and ordered the company to proceed to arbitration.[1]

## II.

The legal doctrine governing this case is that of the "presumption of arbitrability" first enunciated by the Supreme Court in the *Steelworkers Trilogy*.[2]

In considering a case where the union sought arbitration of its claim while the company resisted arbitration by pointing to a provision in the labor contract that "matters which are strictly a function of management shall not be subject to arbitration," the Court refused to apply to labor cases the presumption against arbitration which obtains in cases involving commercial contracts since labor arbitration substitutes not for litigation but for "industrial strife." The Court instead held that an arbitration clause in a collective bargaining agreement should be presumed to cover the parties' dispute if there is any reasonable way to read the clause so as to provide for coverage:

Apart from matters that the parties specifically exclude, all of the questions on which the parties disagree must ... come within the scope of the grievance and arbitration provisions of the collective agreement. . . .

. . . .

An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

*United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581–583, 80 S.Ct. 1347, 1352–1353, 4 L.Ed.2d 1409 (1960) (footnote omitted). *See* R. Gorman, *Labor Law* 552 (1976); *Gateway Coal Co.*

---

1. This case has also previously been before this court on a procedural point. 704 F.2d 569 (1983). Appellant argues that the statement in that opinion that "[w]ere we to reach the merits of the issue of arbitrability, we would conclude that based on the record before the trial court, the grievance was not arbitrable," 704 F.2d at 572, should control the outcome of this case. That statement, however, is *obiter dictum*. It is outside the scope of the holding and simply an expression of opinion with no precedential value. Furthermore, since the time of that statement, the record in the case has been signifi-

cantly changed by an amending of the complaint and the addition of further evidence.

2. *United Steelworkers v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

*v. United Mine Workers,* 414 U.S. 368, 378–379, 94 S.Ct. 629, 637, 38 L.Ed.2d 583 (1974).

This doctrine of the "presumption of arbitrability" leaves us with only one question for decision here: whether the clause of the collective bargaining agreement allowing either party to send to arbitration "a grievance alleging that a job which has changed in labor grade as a result of a major change in content has not been properly evaluated" can in any reasonable way be read to cover Mr. Grubb's grievance. This clause is arguably ambiguous in that it could refer either to a pronouncement of a technical change in the designated "labor grade" of a job by the employer or to a case in which a major change in the content of a job has not been accompanied by a proper change in the evaluation of the job by the employer. The latter reading of the clause is, of course, the most plausible. However, we need not determine the correct reading of the clause here since the language of the Supreme Court's opinion in *Warrior & Gulf* requires that any such ambiguity be resolved in favor of arbitration and even the crude statement on the grievance form that "I do not agree with the evaluation of Job 068" prevents it from being "said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."

### III.

The judgment of the district court ordering the company to proceed to arbitration is, therefore,

AFFIRMED.