### 55307. ALLSTATE INSURANCE COMPANY v. STEEDLEY.

BANKE, Judge.

This action was filed by the appellee, M. M. Steedley, to recover on a fire insurance policy issued by the appellant, Allstate Insurance Company. Allstate appeals the grant of summary judgment for Steedley and the denial of its counter-motion for summary judgment.

Steedley's residence was covered by a fire insurance policy issued by Allstate Insurance Company which by its own terms expired on January 21, 1976. Steedley had procured house insurance from Cotton States Mutual Insurance Company to become effective on the expiration of the Allstate policy. On March 8, 1976, Steedley's house was substantially damaged by fire, and he immediately contacted his insurer Cotton States. As stipulated by the parties, Allstate sent Steedley a notice of cancellation "at sometime prior to March 23." The notice provided: "If you desire to continue your insurance protection, return this part of the notice with your payment for the amount shown as past due. It must reach us prior to the date shown below (March 23, 1976). Steedley never remitted the past-due premium.

This suit was brought by Cotton States in Steedley's name under a loan receipt. The summary judgment order directed Allstate to pay Cotton States an amount equal to one-half the amount of the insurance benefit paid to Steedley by Cotton States, less the unpaid premium due Allstate.

This case is governed by our recent decision in

*Unigard Mut. Ins. Co. v. Fox,* 142 Ga. App. 706 (236 SE2d 851) (1977). Quoting from our decision there: "In the case sub judice the policy expired by its terms on May 18, 1975, and the defendant insurance company was under no statutory obligation or contractual duty to tender a notice of cancellation. The notice sent to the plaintiff giving her until June 8, 1975, to pay the premium was at most an offer which might have been accepted during the period specified. In fact, it was not. Thus, we have an offer which was not accepted within the contractual time specified. *Harper & Co. v. Ginners Mut. Ins. Co.,* 6 Ga. App. 139 (64 SE 567); *Pa. Fire Ins. Co. v. Sorrells,* 23 Ga. App. 398 (98 SE 358). See also *Reece v. Mass. Fire &c. Ins. Co.,* 107 Ga. App. 581, supra.

"In short, here we have a case where the plaintiff took no action during the term of the policy, the term expired, the fire occurred after the term, and it further appears that the plaintiff took no action within the time allotted in response to a subsequent offer by the defendant's insurance company granting additional time to pay the premium. Hence, under these circumstances there is no basis on which the plaintiff could predicate recovery." *Unigard Mut. Ins. Co. v. Fox,* supra, p. 708.

Cotton States argues that this case is distinguishable from the *Unigard* decision, supra, because, here, Allstate was notified of the loss (apparently by Cotton States) within a few days after the fire and that this notification was equivalent to acceptance of Allstate's offer to extend coverage. In view of the fact that Steedley at no time attempted to comply with the condition precedent (payment of past-due premiums) stated on the notice of cancellation, we find no merit in the argument advanced by Cotton States. Because there was no continuing coverage under the Allstate policy, our decision in *Ector v. American Liberty Ins. Co.,* 138 Ga. App. 519 (226 SE2d 788) (1976), is not controlling.

For the reasons stated above, the trial judge erred in granting summary judgment for Steedley and in denying summary judgment to Allstate. Accordingly, we reverse the judgment and direct the trial judge to enter judgment for Allstate on its motion for summary judgment.

*Judgment reversed with direction. Deen, P. J., and*

*Smith, J., concur.*

Argued February 1, 1978 — Decided April 19, 1978.

*Dennis, Corry, Webb, Carlock & Williams, Dennis J. Webb,* for appellant.
*Ross & Finch, A. Russell Blank,* for appellee.