63936. DANIELS v. ALLSTATE INSURANCE COMPANY.

BIRDSONG, Judge.
Summary Judgment. H. G. Daniels obtained insurance coverage from Allstate Insurance Company for two automobiles in December, 1979. The premium for six months was $233.90 for coverage of his wife and himself. In January, 1980, after the passage of 23 days, Daniels added his 16-year-old son as an insured. This caused an increase in premium of $140 for the remaining 160 days of the six-month period of the policy. Daniels failed to remit the additional $140 premium. At the increased premium rate, the $233.90 paid for the policy only about four months and caused the premium to be expended on or about April 14, 1980. A letter of cancellation was sent to Daniels on April 1, informing him that the policy would be

cancelled for non-payment of premium if the $140 was not received by April 14. This notification was sent in full compliance with the statute providing for cancellation (Code Ann. § 56-2430). On April 21, the son was involved in an accident causing over $1,600 in damages to the car and injury to the occupant of the other car. On April 22, Mrs. Daniels sent the check for $140. Allstate reinstated the policy effective April 22. When the Daniels submitted the claim for the April 21 accident, Allstate declined coverage contending that the policy was not in effect on that date. Daniels basically does not dispute these facts but offered an affidavit in contravention to Allstate's motion for summary judgment. That affidavit alleged a violation of Code Ann. § 56-2430 in that Allstate owed a small amount of unearned premium which made Allstate's attempted cancellation nugatory and breathed continued life into the policy. We have compared the premium due upon cancellation in accordance with Code Ann. § 56-2430 and determined that the premium paid ($233.90) was totally consumed by a daily pro rata application, effective April 14, 1980. Thus there was no unearned premium due the Daniels at the cancellation of the policy.

In *Benefield v. Malone,* 112 Ga. App. 408, 410 (145 SE2d 732), this court held: "Neither the trial court nor this court is concerned with the credibility of the affidavits — only with the matter of whether they show a genuine issue of fact to exist." A simple matter of arithmetical calculation demonstrated to the trial court and this court that no issue existed as to the exhaustion of the premium paid and that no unearned premium was due. There being no real issue of fact submitted to the trial court, there was no error in the grant of summary judgment to Allstate. *Meade v. Heimanson,* 239 Ga. 177, 180 (236 SE2d 357).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JUNE 29, 1982.

*H. Darrell Greene,* for appellant.
*Lynn A. Downey, Kevin Williams,* for appellee.