63995. PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY v. PERSON.

SOGNIER, Judge.

Barbara Person filed a complaint against Pennsylvania National Mutual Casualty Insurance Company (Pennsylvania National) to collect personal injury protection benefits based on a policy of insurance. The automobile insurance policy was purchased by Person from Pennsylvania National in August 1980. Person was involved in an automobile accident on December 27, 1980, and filed a claim against Pennsylvania National on February 25, 1981. Pennsylvania National answered and defended on the grounds that the insurance policy had been cancelled prior to the date of the accident. The trial court granted Person's motion for partial summary judgment and denied Pennsylvania National's motion for summary judgment. Pennsylvania National appeals.

1. Appellant contends that the trial court erred in granting Person's motion for partial summary judgment and denying its motion for summary judgment because the insurance policy had been cancelled effective November 7, 1980. Pennsylvania National's notice of cancellation was mailed on October 8, 1980 and was entitled "Installment Statement of Premium Due." The following statement was made on the face of the statement: "PAY THE AMOUNT DUE BEFORE THE INSTALLMENT DUE DATE SHOWN OR THIS STATEMENT BECOMES A NOTICE OF CANCELLATION EFFECTIVE 11 07 80 12:01 A. M. STANDARD TIME. PROVIDING ALL PRIOR OUTSTANDING BILLINGS HAVE BEEN PAID BY THEIR DUE DATES. NO FURTHER NOTICE WILL BE GIVEN." The installment due date was November 7, 1980.

We have found no Georgia cases that address the issue whether a notice of cancellation which states that a policy will be cancelled on a specified date unless premiums due are paid prior to such date effectively cancels the policy. The trial court held that Code Ann. § 56-2430.1 (A) (1) applies and that the notice of cancellation was insufficient but that this code section is not inconsistent with the provisions of Code Ann. § 56-2430. Pretermitting the issue as to which code section applies in the instant case, we find the notice of cancellation ineffective to cancel the policy under either code section.

Under Georgia law an insurance policy may be cancelled by the insurer for failure of the named insured to discharge "when due" any of her obligations in connection with the payment of premiums for the policy. Where cancellation of the policy is for failure of the named insured to pay a premium "when due," no less than ten days written notice of cancellation to the insured is required by statute. Code Ann. §§ 56-2430 and 56-2430.1.

In the instant case the notice of cancellation was not given to the insured upon her failure to pay the premium *when due.* Rather, notice of cancellation was given *before* the premium was due. There was no reason to cancel the policy until *after* the premium became due and payable. Thus, the insured is entitled under statute to notice of cancellation for failure to pay her premium *when due* and at least a ten day grace period prior to the *effective date* of the cancellation. See *Pearce v. Southern Guaranty Ins. Co.,* 246 Ga. 33, 38 (268 SE2d 623) (1980). This is not a case where the policy expired by its terms and was not renewed because of a failure to pay the premium. See *Unigard Mutual Ins. Co. v. Fox,* 142 Ga. App. 706 (236 SE2d 851) (1977); *Allstate Ins. Co. v. Steedley,* 145 Ga. App. 699 (244 SE2d 632) (1978); *Whitlock v. Dairyland Ins. Co.,* 160 Ga. App. 113 (286 SE2d 343) (1981).

Our recent decision in *Daniels v. Allstate Ins. Co.,* 162 Ga. App. 758 (293 SE2d 39) (1982), is not in conflict with our decision in the instant case. The *Daniels* policy was purchased as a six-month policy; however it lapsed or expired in four months because the insured failed to pay an additional amount for an additional named insured. The additional amount of the premium in *Daniels* had been due and payable *prior* to the letter of cancellation. In the instant case, notice of cancellation was given *before* the premium was due.

This is a case of cancellation of an unexpired policy for failure of the insured to pay her premium when due. A notice of cancellation which states that a policy will be cancelled on a specified date unless premiums due are paid prior to that date, is not a notice of cancellation, but merely a demand for payment. Travelers Ins. Co. v.

Jenkins, La. App., 285 S2d 839, 843 (1973); 45 CJS 89, § 450, n. 77. This rule applies whether the cancellation is to be effected under Code Ann. § 56-2430 or § 56-2430.1. The notice requirements of the statutes regarding cancellation of insurance policies are mandatory and require strict compliance and failure to adhere to the requirements results in noncancellation of the policy. *Holcomb v. Southern Guarantee Ins. Co.,* 143 Ga. App. 788, 789 (240 SE2d 128) (1977); *American &c. Ins. Co. v. Hartsfield,* 147 Ga. App. 213 (248 SE2d 518) (1978). Since the policy of insurance was not effectively cancelled, the trial court was correct in denying appellant's motion for summary judgment and in granting appellee's motion for partial summary judgment as to coverage on the policy.

2. The trial court reserved the issue of damages under Code Ann. § 56-3406b for trial. Thus, there is nothing for us to review with regard to these issues on appeal.

3. In view of our decision in Division 1 of this opinion, it is not necessary to address appellant's remaining enumerations of error.

4. Appellee's motion for damages on the basis that the appeal was taken for delay only is denied.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 5, 1982 —
REHEARING DENIED NOVEMBER 23, 1982 —

*Alfred B. Adams III, Teresa D. Darroch,* for appellant.
*Wade K. Copeland,* for appellee.