75049. SOUTHERN INSURANCE COMPANY v. WALKER et al.
(361 SE2d 502)

DEEN, Presiding Judge.

In late 1984, the appellant, Southern Insurance Company (Southern), issued an automobile insurance policy to Bobby Walker, with a policy period extending from October 19, 1984 to April 19; 1985. On November 27, 1984, Southern mailed a cancellation notice indicating: (1) that the cancellation was due to Walker's failure to disclose his driving record on the application; (2) that the cancellation was effective December 12, 1984; (3) that Southern would consider reinstating the policy upon payment of $28.50 prior to the cancellation date; and (4) that he should contact his agent for payment information. On November 30, 1984, Parkman Enterprises, Inc. (Parkman), the insurance agent through which Walker had applied for insurance, also sent Walker a notice that informed him that "due to undisclosed driving violations, there is an additional premium of $28.50 due no later than December 7, 1984, to avoid cancellation of your auto insurance. It appears that you have had a D.U.I., therefore, the company is charging the additional premium." Southern received no further payment from Walker, and on December 28, 1984, sent the unearned premium on his policy to Parkman, which forwarded the refund to Walker on January 10, 1985. By that time, however, Walker was dead, having been struck by another vehicle as he was filling his gasoline tank on December 22, 1984.

Walker's widow and children commenced this wrongful death action, and subsequently served Southern as an uninsured motorist carrier. Both Southern and the appellees moved for summary judgment, and this appeal followed from the trial court's grant of summary judgment for the appellees. *Held*:

In *Pennsylvania Nat. &c. Ins. Co. v. Person*, 164 Ga. App. 488, 489 (297 SE2d 80) (1982), this court held that "[a] notice of cancella-

tion which states that a policy will be cancelled on a specified date unless premiums due are paid prior to that date, is not a notice of cancellation, but merely a demand for payment." In *Person*, the purported notice of cancellation was invalid because the reason for cancellation, i.e., nonpayment of premium, had not occurred. In the instant case, however, the declared reason for cancellation was a *fait accompli* prior to the notice of cancellation. The fact that the notice of cancellation left open the possibility of reinstatement of the policy did not invalidate that cancellation notice. Also, the letter from Parkman could not affect the cancellation notice, because Parkman was Walker's agent, and not that of the insurer.

Walker's contention that a delayed payment of the required refund for unearned premium invalidates a cancellation notice, receives no support from the statute requiring a refund. See OCGA § 33-24-44 (e) (1). That statute provides the time frame and procedural mechanics for effecting the return of premium, but does not impose a penalty for non-compliance with the time frame. Moreover, OCGA § 33-24-44 (c) (3) provides that failure to return any unearned premium shall not invalidate a notice of cancellation properly executed. OCGA § 33-24-44 (b) establishes the proper method of cancellation but contemplates cancellations must be served at least 30 days before cancellation. OCGA § 33-24-44 (d) creates an exception to the 30-day notice requirement if the policy has been in existence less than 60 days, as was true in this case, reducing the notice time to ten days. Logic compels the conclusion that a belated return of premium (or a failure itself) following a ten-day notice of cancellation has no greater detrimental impact upon the notice of cancellation than such a delinquent or failed return following a 30-day notice of cancellation.

In summary, the notice of cancellation in this case was valid, and the trial court erred in granting summary judgment for the appellees and in denying summary judgment for Southern.

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1987 —
REHEARING DENIED SEPTEMBER 29, 1987 — 

*Wade K. Copeland, Wayne D. McGrew III*, for appellant.
*L. Prentice Eager III, F. Glenn Moffett, Jr.*, for appellees.