A93A1042. TIMELY ENTERTAINMENT INTERNATIONAL, INC. et al. v. STATE FARM FIRE & CASUALTY COMPANY.
(430 SE2d 844)

BLACKBURN, Judge.

The appellants commenced this declaratory judgment action seeking a determination that State Farm Fire & Casualty Company (State Farm) was obligated to provide coverage for a motor vehicle collision involving an automobile insured under an automobile insurance policy it issued. The trial court granted summary judgment for State Farm, and this appeal followed.

In July 1988, State Farm issued the policy to Timely Entertainment International, Inc. (Timely), who successively renewed the policy every six months until early 1991. By custom and practice, the

parties used January 8 as the due date for payment of the first half of the premium due, and April 9 as the due date for payment of the second half. The policy was again renewed on January 8, 1991, but when no premiums were received when due, State Farm notified Timely that the policy would be cancelled, effective January 31, 1991, because of that nonpayment of the premium.

On February 13, 1991, Timely submitted payment of $295.44, representing one-half of the total semi-annual premium of $585.24, and State Farm reinstated the policy, excluding coverage from January 31, 1991, through February 12, 1991. With that payment, premiums were current through April 8, 1991. However, on April 9, 1991, not having received the remaining $249.68 of the semi-annual premium, State Farm again notified Timely of the cancellation of the policy, effective April 22, 1991, due to nonpayment of the premium.

The automobile insured under the policy was involved in a collision on April 27, 1991, and on April 29, 1991, Timely submitted payment of the remainder of the premium. State Farm again reinstated the policy, excluding coverage from April 22, 1991, through April 28, 1991, and later refunded $22.81 as a credit for that period of time when coverage was out-of-force. When the appellants were sued over the automobile collision of April 27, 1991, State Farm refused to defend and indemnify under the policy on the grounds that no coverage was in effect at the time of the incident, and that was the basis of the trial court's grant of summary judgment for State Farm.

OCGA § 33-24-44 (d) provides, in pertinent part, that "[w]hen a policy is canceled for failure of the named insured to discharge *when due* any of his obligations in connection with the payment of premiums for a policy or any installment of premiums due . . . the notice requirements of this Code section may be satisfied by delivering or mailing written notice to the named insured . . . at least ten days prior to the effective date of cancellation. . . ." (Emphasis supplied.) "The notice requirements of the statutes regarding cancellation of insurance policies are mandatory and require strict compliance and failure to adhere to the requirements results in noncancellation of the policy." *Pennsylvania Nat. &c. Ins. Co. v. Person*, 164 Ga. App. 488, 490 (297 SE2d 80) (1982). See also *American Intl. Life Ins. Co. v. Hartsfield*, 147 Ga. App. 213 (248 SE2d 518) (1978).

A purported notice of cancellation (for nonpayment of premium) sent before the premium is due merely constitutes a demand for payment, and is ineffective to cancel the policy. *Pennsylvania Nat. &c. Ins. Co. v. Person*, supra. The appellants contend that the notice of cancellation mailed on April 9, 1991, the actual date the remaining premium was due, similarly was premature and thus ineffective to cancel the policy from April 22 through 28, 1991.

However, "[w]e think if a debt is due, it can be truly said it has

become due; and that if a demand be made whilst it is due, the demand is made after it became due. Nothing can be due which has not become due; becoming is before being, and becoming must be finished in order for it to be succeeded by that which becomes. . . . So, every debt is becoming due or has become due; the moment of time which by expiring terminates immaturity renders the debt mature; there is no intervening moment; immaturity vanishes and maturity appears; *to demand payment of the debt in the first moment of its matured existence, is to demand payment after it becomes due.* . . . Hence, 'at maturity,' 'when due,' 'after due,' applied to demand for payment, will each include a demand made on the day of maturity, though the last will comprehend as well a demand made on any subsequent day. . . ." (Emphasis supplied.) *Favors v. Johnson*, 79 Ga. 553, 555-556 (4 SE 925) (1887). In the instant case, the notice of cancellation was mailed on the date when payment of the remainder of the premium was in fact due, and thus matured, and was not premature.

We note further that the appellants themselves state that one purpose of the notice statute is to prevent insurers from sending cancellation notices before paid-up premiums are earned. Inasmuch as the paid-up premium in this case was completely earned by April 8, 1991, State Farm's mailing of the cancellation notice on the following day did not defeat that purpose.

The appellants also contend that when State Farm reinstated the policy in February 1991 following its receipt of the late payment of one-half of the total premium, the due date of the other half of the premium was extended from April 9, 1991, until April 21, 1991, because State Farm failed to refund a portion of the premium for the 12 days excluded from coverage at the time of that reinstatement. However, as noted by the trial court, the appellants overlook the fact that the $249.68 premium billed for the second half of the six-month renewal period actually reflected a credit or discount for those twelve days excluded from coverage. Accordingly, the due date for payment of the remaining premium was not extended.

In summary, it is undisputed that State Farm mailed its notice of cancellation on April 9, 1991, the day the remainder of the renewal premium was due; the notice was given at least ten days before the effective date of cancellation on April 22, 1991; and that the named insured, Timely, received that notice. Under these circumstances, as a matter of law, the policy was out of force at the time of the claimed automobile collision, and the trial court properly granted summary judgment for State Farm.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED APRIL 12, 1993.

*Lokey & Bowden, Peter K. Kintz,* for appellants.
*Harper, Waldon & Craig, Thomas D. Harper,* for appellee.