A00A0201. ATLANTA CASUALTY COMPANY v. BOATWRIGHT et al.

(534 SE2d 516)

BLACKBURN, Presiding Judge.

Atlanta Casualty Company appeals the trial court's order denying its motion for summary judgment and granting the defendants'

motions for summary judgment.[1] In the underlying declaratory judgment action, Atlanta Casualty sought to avoid coverage on an automobile policy issued to defendant Daryl McPherson on two grounds: (1) its cancellation of the insurance contract; and (2) the tortfeasor's failure to notify it of the claim or to cooperate, thereby breaching the insurance contract. Because questions of fact remain as to whether Atlanta Casualty properly canceled the insurance contract, we affirm the trial court's denial of Atlanta Casualty's motion for summary judgment and reverse the trial court's grant of the defendants' motions for summary judgment.

> We review de novo a trial court's grant of summary judgment. *Bandy v. Mills*, 216 Ga. App. 407 (454 SE2d 610) (1995). To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. The burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

(Punctuation omitted; emphasis in original.) *Jackson v. Post Properties*, 236 Ga. App. 701 (513 SE2d 259) (1999).

So viewing the evidence, Atlanta Casualty issued an automobile insurance policy to McPherson on March 22, 1995, with effective dates from March 20, 1995 through September 20, 1995. The total

---

[1] The defendants include: Jeffrey Scott Palmer; Daryl Wayne McPherson, individually and as administrator of the estates of Stacy Lynn McPherson, deceased and Kelley Tyler McPherson, deceased; John Angel, individually and as next friend and guardian of Jessica Angel, deceased; AT&T Automotive Services, Inc.; Bonita Sykes; American Hermetics of Georgia, Inc.; Theresa Boatwright, individually and as next friend and guardian of Heather Boatwright; Murrill J. Hiers; Federal Insurance Company; Southern Guaranty Insurance Company of Georgia; and State Farm Mutual Automobile Insurance Company. These defendants will be referred to collectively as defendants unless specifically set forth otherwise.

premium for the insurance policy was $752. McPherson paid an initial premium payment of $249, and the remaining balance was to be paid in installments. On May 19, 1995, a payment of $132.75 was made, and on June 17, 1995, a payment of $142.75 was made. On July 3, 1995, Atlanta Casualty sent a notice of cancellation to McPherson indicating that the policy would be canceled, effective July 18, 1995, for failure to pay past due amounts and billing fees in the amount of $142.75. The notice indicated that payment would reinstate the policy if received prior to the date of cancellation. On August 25, 1995, the covered automobile was involved in a collision. This action arose to determine whether Atlanta Casualty's policy was still effective and whether it covered the collision. The trial court determined that Atlanta Casualty had not properly canceled the insurance contract, and it denied Atlanta Casualty's motion for summary judgment and granted the defendants' motions for summary judgment on that issue.

1. When an insurer cancels a policy for failure to pay a premium, Georgia law requires the insurer to give its insured appropriate notice of the cancellation.

> When a policy is canceled for failure of the named insured to discharge *when due* any of his obligations in connection with the payment of premiums for a policy or any installment of premiums due, . . . the notice requirements of this Code section may be satisfied by delivering or mailing written notice to the named insured . . . at least ten days prior to the effective date of cancellation.

(Emphasis supplied.) OCGA § 33-24-44 (d). "The notice requirements of the statutes regarding cancellation of insurance policies are mandatory and require strict compliance and failure to adhere to the requirements results in noncancellation of the policy." *Penn. Nat. &c. Ins. Co. v. Person*, 164 Ga. App. 488, 490 (1) (297 SE2d 80) (1982). Additionally, this Court has determined that notice of cancellation for failure to pay premiums, sent before the premium is actually due, is not sufficient to effect a cancellation. See id. In *Person*, the insurance company mailed a notice of cancellation prior to the date the premium was due. This Court determined that under such circumstances, "[a] notice of cancellation which states that a policy will be cancelled on a specified date unless premiums due are paid prior to that date[ ] is not a notice of cancellation, but merely a demand for payment." Id. at 489.

In the present case, Atlanta Casualty does not keep copies of premium notices sent to its insureds; however, it did provide evidence of its usual business practices and of McPherson's payment

history in its computer-generated reports which indicated a premium arrearage. Atlanta Casualty's representative also deposed, however, that McPherson's coverage was paid in full on the day the notice of cancellation was mailed.[2] The trial court determined that because Atlanta Casualty did not produce a copy of an actual premium notice sent to McPherson, it cannot establish that McPherson failed to pay a premium when due. We cannot agree.

Atlanta Casualty has presented conflicting evidence as to whether a premium was actually due when the purported notice of cancellation was sent. Atlanta Casualty's computer records show an arrearage, and the cancellation notice itself indicates that certain amounts were "past due." This is some evidence that McPherson was not current on his premiums. However, Atlanta Casualty's representative deposed that McPherson's premiums were paid on the date the notice of cancellation was mailed. Additionally, no evidence was produced establishing when McPherson's premium was actually due. Therefore, a jury's determination is required as to whether McPherson failed to pay premiums when due and whether Atlanta Casualty sent notice of cancellation after premiums were due. The trial court properly denied Atlanta Casualty's motion for summary judgment and erred in granting the defendants' motions for summary judgment. Neither the trial court nor this Court can resolve issues of fact. See *Jackson*, supra.

2. Because Atlanta Casualty's complaint contained assertions regarding the tortfeasor's failure to notify it of the claim or to cooperate and no defendant addressed them in their motions for summary judgment, such issues also remain pending in the trial court for a jury's determination.

*Judgment affirmed in part and reversed in part. Eldridge and Barnes, JJ., concur.*

DECIDED MAY 4, 2000 —
RECONSIDERATIONS DENIED MAY 17, 2000 ▮▮▮▮▮▮▮▮▮

*Webb, Carlock, Copeland, Semler & Stair, Kimberly K. Nagy, Frederick M. Valz III,* for appellant.

*McLarty, Robinson & Van Voorhies, John E. Robinson, Gregory H. Blazer, Swift, Currie, McGhee & Hiers, Kristine J. Moschella, Ste-*

---

[2] The representative's testimony does not indicate whether the date the cancellation notice was sent was the actual due date for a premium. See *Timely Entertainment Intl. v. State Farm &c. Co.*, 208 Ga. App. 467, 469 (430 SE2d 844) (1993) (notice of cancellation found to be effective when sent on date premium was due).

*phen L. Cotter, Ronald A. Lowry, William P. Tinkler, Jr., Karsten Bicknese,* for appellees.

