[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14785

_____

D. C. Docket No. 07-00083-CV-WCO-2

INFINITY GENERAL INSURANCE CO.,
f.k.a. Coventry Insurance Co.,

Plaintiff-Appellee,

versus

TONYA BOGGUS REYNOLDS, Individually,
VIVIANA TOVER LLOYD, Individually, et al.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 8, 2009)

Before WILSON, ANDERSON, Circuit Judges, and GOLDBERG,* Judge.

ANDERSON, Circuit Judge:

_____
*    Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting
     by designation.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA, PURSUANT TO O.C.G.A. § 15-2-9.

TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES:

The instant case presents a question of Georgia insurance law that we believe is appropriate for certification to the Supreme Court of Georgia. Before setting out the question to be certified, we set forth the relevant facts and dispose of a few issues governed by federal law.

## I. FACTUAL BACKGROUND

On June 5, 2006, the insured, Russell Graham, purchased a commercial automobile insurance policy from Infinity General Insurance Company, formerly known as Coventry Insurance Company (herein referred to as the "Insurance Company"). While operating the insured vehicle on August 2, 2006, the insured's son was involved in a collision, fatally injuring his two passengers, Joey Lee Reynolds and Dustin Edward Lloyd. The crucial issue of Georgia insurance law to be certified in this case is whether the insurance policy was in effect at the time of the collision.

The Insurance Company filed the instant declaratory judgment and/or

interpleader action. Defendants included the insured, the estate of Joey Lee Reynolds, the widow of Joey Lee Reynolds, the estate of Dustin Edward Lloyd, and the widow of Dustin Edward Lloyd.[1] The several defendants other than the insured are the appellants in this appeal.

The district court found that it had subject matter jurisdiction both under 28 U.S.C. § 1335, and, because there was complete diversity and an amount in controversy exceeding $75,000, under 28 U.S.C. § 1332. The district court then granted summary judgment in favor of the Insurance Company, concluding that there were no genuine issues of material fact. The court thus resolved the facts of the case, to wit: that the Insurance Company never received the insured's alleged premium payment, that the premium was overdue after July 5, 2006, and that the July 10, 2006, cancellation notice and the testimony of Joy Lietch did not extend the overdue premium payment date. The district court then held as a matter of Georgia law that the July 10, 2006, cancellation notice effectively cancelled the policy.

We first resolve several issues as a matter of federal law, and then we set forth the facts and discussion relevant to the certified question.

---

[1] The Reynolds and Lloyd defendants are plaintiffs in two underlying suits seeking damages both pursuant to a wrongful death action and a survivorship action.

## II. SUBJECT MATTER JURISDICTION OF THE DISTRICT COURT

We conclude that the district court had subject matter jurisdiction of this declaratory judgment cause of action and interpleader cause of action. With respect to the interpleader cause of action, we conclude as a matter of federal law that the district court had subject matter jurisdiction under 28 U.S.C. §1335; we readily reject Appellants' argument that there is not sufficient adversity among the claimants for the fund. With respect to the declaratory judgment cause of action, we conclude as a matter of federal law that the district court had subject matter jurisdiction. The parties are completely diverse and we discern no error in the district court's conclusion that the amount in controversy exceeds $75,000. Appellants' other jurisdictional challenges are rejected without need for further discussion.

## III. OTHER ISSUES GOVERNED BY FEDERAL LAW

In the district court and again on appeal, Appellants argue that there was a genuine issue of material fact as to whether the Insurance Company received the insured's premium payment which was allegedly mailed in late June 2006, and which would have avoided the non-payment problem and the subsequent cancellation. For the reasons set forth in the district court's August 8, 2008, Order,

under the heading "The Mailbox Rule," we reject this argument. We hold that Appellants failed to adduce evidence sufficient to create a genuine issue of fact on that issue; thus, the facts of the instant case are that the premium was never paid. Similarly, Appellants' reliance on Joy Lietch's testimony to create a genuine issue as to whether the July 10, 2006, notice extended the due date to July 25, 2006, is flawed. We agree with the district court that Appellants adduced insufficient evidence to create a genuine issue of fact; thus, the facts of the case for this appeal are that the premium was overdue after July 5, 2006, and that the July 10, 2006, cancellation notice was sent after the premium was overdue. We also reject Appellants' other arguments that there are genuine issues of material fact.

## IV. FACTS AND DISCUSSION RELEVANT TO THE CERTIFIED QUESTION

The issue of Georgia insurance law to be certified is whether the Insurance Company effectively cancelled the policy. On or around June 15, 2006, the insured received a payment notice from the Insurance Company, indicating the premium due and the due date of July 5, 2006. On July 10, 2006, the Insurance Company sent the insured a cancellation notice, which indicated that the premium installment had not been paid and that his insurance coverage would cease at 11:59 p.m. on the cancellation date, July 25, 2006, unless the premium payment was received before

that cancellation date. The July 10, 2006, notice sets out the cancellation date of July 25, 2006, in a separate box at the top of the notice, and in another separate box at the bottom of the notice. The notice contained the following language:

> YOU ARE HEREBY NOTIFIED IN ACCORDANCE WITH THE TERMS AND CONDITIONS OF THE ABOVE MENTIONED POLICY, AND IN ACCORDANCE WITH THE LAW, THAT YOUR INSURANCE POLICY WILL CEASE AT 11:59 P.M. ON THE CANCELLATION DATE MENTIONED ABOVE, UNLESS WE RECEIVE YOUR PAYMENT BEFORE THE CANCELLATION DATE.
>
> IF THE PREMIUM AMOUNT LISTED ON THIS NOTICE IS NOT RECEIVED BY THE COMPANY BEFORE THE CANCELLATION DATE SPECIFIED, YOUR INSURANCE WILL CEASE AT 11:59 P.M. ON THAT DATE.

No premium payment was received by the Insurance Company. The issue to be certified is whether the July 10, 2006, notice operated to cancel the policy. If so, then there was no coverage of the accident at issue in the underlying cases which occurred on August 2, 2006.

We understand that the relevant provisions of the Georgia statutes are found in Georgia Code § 33-24-44, which provides, in relevant part, that an effective notice of cancellation must be mailed at least ten days prior to the effective date of cancellation. Appellants rely upon language in Pennsylvania National Mutual Casualty Insurance v. Person, 297 S.E.2d 80, 82 (Ga. Ct. App. 1982), stating: "A

6

notice of cancellation which states that a policy will be cancelled on a specified date unless premiums due are paid prior to that date is not a notice of cancellation, but merely a demand for payment."  Appellants note that virtually identical language was included in the later case of State Farm Mutual Automobile Insurance Co. v. Drury, 474 S.E.2d 64, 68 (Ga. Ct. App. 1996), to-wit: "I charge you that a notice of cancellation which states that a policy will be cancelled on a specified date unless premiums due are paid prior to that date is not a notice of cancellation, but merely a demand for payment."  On the basis of the foregoing language, Appellants argue that the instant notice is not effective to cancel the policy at issue as of July 25, 2006.

The Insurance Company argues that the language from the foregoing cases is dicta, and that the holding of both cases is that the notice of cancellation was ineffective because it was given before the premium was due.  See Person, 297 S.E.2d at 82 ("In the instant case, the notice of cancellation was not given to the insured upon her failure to pay the premium when due, rather the notice of cancellation was given before the premium was due.") (emphasis in original); Drury, 474 S.E.2d at 67 ("As in Person, the notice of cancellation was not given to Drury upon his failure to pay the premium 'when due.' . . . The October 25 notice of cancellation was ineffective because the premium was not yet 'due.'").  The

7

Insurance Company also argues that, under § 33-24-44, the cancellation cannot be effective for at least ten days after the notice of cancellation is given. The Insurance Company argues that the obvious purpose of the statute is to provide the insured with an opportunity to make the premium payment and keep the policy in force, or to make other insurance arrangements. Accordingly, the Insurance Company argues that compliance with the statute requires giving the insured the opportunity to pay the premium within the ten-day time period and keep the policy in force. Thus, the Insurance Company argues that the language quoted above from Person and Drury cannot be squared with the purpose of the statute, is dicta, and must bend to the statute itself. In support, the Insurance Company cites Southern Ins. Co. v. Walker, 361 S.E.2d 502, 503 (Ga. Ct. App. 1987) ("The fact that the notice of cancellation left open the possibility of reinstatement of the policy did not invalidate that cancellation notice."). If Appellants' position were correct, the Insurance Company argues, any cancellation notice that complies with the ten-day statutory period will be ineffective, rendering cancellation impossible as a practical matter.

Because we perceive no clear, controlling precedent in the decisions of the Georgia courts, and because the predictability of the law is particularly important in this area, we certify the following question of law to the Supreme Court of Georgia

8

for instructions:

> IS A NOTICE OF CANCELLATION, PROPERLY GIVEN AFTER
> THE PREMIUM IS PAST DUE, INEFFECTIVE BECAUSE IT
> PROVIDES AN OPPORTUNITY FOR THE INSURED TO KEEP
> THE POLICY IN FORCE BY PAYING THE PAST-DUE PREMIUM
> WITHIN THE STATUTORY TEN-DAY PERIOD?

In certifying this question, we do not intend the particular phrasing of it to limit the court in its consideration of the problem posed by the case. In order to assist the court's consideration of the case, the entire record, along with the briefs of the parties, shall be transmitted to the court.

QUESTION CERTIFIED.